UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22431-BLOOM/Otazo-Reyes

STEPHEN PERKINS,

    Plaintiff,

v.

NATIONAL LGBTQ TASK FORCE, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant National LGBTQ Task Force, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. [21] ("Motion"). Plaintiff Stephen Perkins ("Plaintiff") filed a Response in Opposition, ECF No. [23] ("Response"), to which Defendant filed a Reply, ECF No. [24] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

On September 8, 2021, Plaintiff filed his First Amended Complaint, asserting a single count of negligence against Defendant. *See* ECF No. [20] ("Complaint"). In the Complaint, Plaintiff alleges that Plaintiff suffered losses because Defendant "acted negligently and with a reckless disregard for human life, rights and safety in throwing the Winter Party Festival in the midst of the global COVID-19 pandemic." *Id.* ¶¶ 17, 21.

On September 21, 2021, Defendant filed the instant Motion to Dismiss. *See* ECF No. [21]. In the Motion, Defendant argues that Plaintiff failed to plead his allegations with particularity as

required by Fla. Stat. § 768.38. *See generally id*. Defendant requests that the Court dismiss the Complaint in accordance with Fla. Stat. § 768.38(3)(c)(1). *See id.* at 2. On October 7, 2021, Plaintiff filed his Response arguing that the Complaint satisfied the pleadings requirements of Fla. Stat. § 768.38. *See* ECF No. [23] at 2. On October 12, 2021, Defendant filed its Reply. *See generally* ECF No. [24].

## II.   LEGAL STANDARD

Generally, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

However, Fla. Stat. § 768.38 enumerates that when a plaintiff raises a COVID-19-related claim against a business entity under Florida law, the plaintiff must plead allegations against the defendant with particularity. Fla. Stat. § 768.38 states in relevant part:

> (1) The Legislature finds that the COVID-19 outbreak in this state threatens the continued viability of certain business entities, educational institutions, governmental entities, and religious institutions that contribute to the overall well-being of this state. The threat of unknown and potentially unbounded liability to such businesses, entities, and institutions, in the wake of a pandemic that has already left many of these businesses, entities, and institutions vulnerable, has created an overpowering public necessity to provide an immediate and remedial legislative solution. Therefore, the Legislature intends for certain business entities, educational institutions, governmental entities, and religious institutions to enjoy heightened legal protections against liability as a result of the COVID-19 pandemic.

> The Legislature also finds that there are no alternative means to meet this public necessity, especially in light of the sudden, unprecedented nature of the COVID-19 pandemic. The Legislature finds the public interest as a whole is best served by providing relief to these businesses, entities, and institutions so that they may remain viable and continue to contribute to this state.
>
> . . .
>
> (2) In a civil action based on a COVID-19-related claim:
>    (a) The complaint must be *pled with particularity*.
>    (b) At the same time the complaint is filed, the plaintiff must submit an affidavit signed by a physician actively licensed in this state which attests to the physician's belief, within a reasonable degree of medical certainty, that the plaintiff's COVID-19-related damages, injury, or death occurred as a result of the defendant's acts or omissions.
>    (c) The court must determine, as a matter of law, whether:
>       (1) The plaintiff complied with paragraphs (a) and (b). If the plaintiff did not comply with paragraphs (a) and (b), the court must dismiss the action without prejudice.
>       (2) The defendant made a good faith effort to substantially comply with authoritative or controlling government-issued health standards or guidance at the time the cause of action accrued.

Fla. Stat. § 768.38(1)-(2) (emphasis added).

When a complaint must be pled with particularity under Florida law, such as claims for fraud or mistake, federal courts have applied the heightened pleading requirements of Rule 9(b). *See, e.g.*, *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1328 (S.D. Fla. 2020); *United States v. Miami Cancer Inst.*, No. 17-24051-CIV, 2019 WL 1993513, at *3 (S.D. Fla. May 6, 2019), *appeal dismissed,* No. 19-12153-DD, 2019 WL 6487517 (11th Cir. Sept. 6, 2019); *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1352-53 (S.D. Fla. 2016); *see also* Fed. R. Civ. P. 9(b). Courts applying the heightened pleading requirements of Rule 9(b) generally require the plaintiff's complaint to set forth particular allegations about "the who, what, when, where, and how" of the circumstances giving rise to the cause of action. *Ceithaml*, 207 F. Supp. 3d at 1353 (quoting *Garfield v. NDC Health Corp.*, 466 F. 3d 1255, 1262 (11th Cir. 2006)). The complaint must "alert defendants to the precise misconduct with which they are accused[.]" *Coquina Investments v.*

3

*Rothstein*, No. 10-60786-CIV, 2011 WL 197241, at *7 n.2 (S.D. Fla. 2011) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1370-71 (11th Cir. 1997)). Under Rule 9(b), "[a] plaintiff's complaint must offer more than mere conjecture." *Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, N.A.*, No. 15-CV-60653, 2015 WL 12862724, at *3 (S.D. Fla. Aug. 20, 2015) (citation and internal quotation marks omitted).

### III.   DISCUSSION

In the Motion, Defendant argues that Plaintiff fails to plead his allegations with particularity as required by Fla. Stat. § 768.38. *See* ECF No. [21] at 4-5. Defendant avers that the heightened pleading standards of Rule 9(b) apply and that courts applying Rule 9(b) generally require plaintiffs to plead "the who, what, when, where, and how" of the circumstances giving rise to the cause of action. *Ceithaml*, 207 F. Supp. 3d at 1353 (quoting *Garfield*, 466 F. 3d at 1262); *see also* ECF No. [21] at 3. Defendant claims that Plaintiff fails to plead the "when" and "where" because, according to the Complaint, the Winter Party Festival was a "week-long party" that took place "on the beach and in clubs around town." *See* ECF No. [21] at 4 (quoting ECF Nos. [20] ¶ 6, [20-2] at 3). Defendant also argues that the Complaint does not allege with particularity "how" Plaintiff contracted COVID-19 and "how" Defendant violated specific government-issued guidelines that were in effect at the time of the incident. *See* ECF No. [21] at 4-5. Plaintiff responds that the heightened pleading standards of Rule 9(b) do not apply because Fla. Stat. § 768.38 does not reference Rule 9(b), and Plaintiff instead relies on the pleading requirements of Rule 8(a). *See* ECF No. [23] at 2-3. To the extent that Fla. Stat. § 768.38 requires allegations to be pled with particularity, Plaintiff argues that the Complaint pleads the elements of negligence with sufficient particularity. *See id.* at 3-4.

### A. Applicability of Rule 9(b)

As an initial matter, the Court must determine whether the heightened pleading standards of Rule 9(b) are applicable in this case. The Court is not aware of and the parties fail to cite any legal authority on whether the newly enacted Fla. Stat. § 768.38 requires the application of the heightened pleading standards that courts have applied pursuant to Rule 1.120 of the Fla. R. Civ. P. or its federal counterpart Rule 9(b). *See generally* ECF Nos. [21], [23], [24].

Rule 1.120 sets forth the rules for the pleading of special matters and requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit." Fla. R. Civ. P. 1.120. Similarly, Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Defendant argues that by requiring claims to be pled with "particularity" in Fla. Stat. § 768.38, the Florida Legislature was referencing the same "particularity" requirement that courts have applied for claims of fraud under Rule 1.120, and that the federal counterpart Rule 9(b) is applicable in this case. *See* ECF No. [24] at 1. Plaintiff argues that Rule 9(b) is inapplicable given the lack of any references to Rule 9(b) in Fla. Stat. § 768.38 and the fact that Plaintiff is not alleging fraud or mistake. *See* ECF No. [23] at 3.

The Court agrees with Defendant. According to the Eleventh Circuit, the prior-construction canon establishes that "[i]f a statute uses words or phrases that have already received authoritative construction by the jurisdiction's court of last resort, . . . they are to be understood according to that construction." *Hylton v. U.S. Att'y Gen.*, 992 F.3d 1154, 1158 (11th Cir. 2021) (quoting Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 54, at 322 (2012)). Further, the Supreme Court has stated that when the legislature "use[s] the materially same language in [a more recent statute], it presumptively [is] aware of the longstanding judicial

interpretation of the phrase and intend[s] for it to retain its established meaning." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1762 (2018). In this case, the prior-construction canon dictates that the Florida Legislature's use of the term "particularity" in setting forth the pleading standards in Fla. Stat. § 768.38 is an intentional reference to the well-established judicial interpretation of the term "particularity" in pleadings for fraud and mistake. *W. Virginia Hotel Corp. v. W.C. Foster Co.*, 101 Fla. 1147, 1153 (Fla. 1931).

Given the Florida Legislature's presumptive intention to require plaintiffs raising COVID-19-related claims to satisfy the heightened pleading standards of Rule 1.120, the application of the federal counterpart Rule 9(b) is appropriate in this case. *See Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1127 (11th Cir. 2019) (applying Rule 9(b) to address the pleading requirements in a federal case involving Florida state law claims of fraud and misrepresentation); *see also Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Therefore, under the heightened pleading standards of Rule 9(b), the Complaint must allege "the who, what, when, where, and how" of the circumstances giving rise to the cause of action. *Ceithaml*, 207 F. Supp. 3d at 1353.

### B. Pleading with Particularity

#### a. Allegations of "When" and "Where"

The Court now addresses whether the Complaint sufficiently alleges "the who, what, when, where, and how" of the circumstances to place Defendant on notice of the "precise misconduct" with which it is accused. *Ceithaml*, 207 F. Supp. 3d at 1353; *Coquina Investments*, 2011 WL 197241, at *7 n.2. Defendant argues that Plaintiff fails to plead the "when" and "where" because, according to the Complaint and the attached exhibit, the Winter Party Festival was a "week-long party" that took place "on the beach and in clubs around town." *See* ECF No. [21] at 4 (quoting ECF Nos. [20] ¶ 6, [20-2] at 3). Indeed, according to the Complaint, Plaintiff contracted COVID-

19 at some point during the week-long festivities and at one of the events throughout the city. *See* ECF No. [20] ¶ 7 (alleging that Plaintiff contracted COVID-19 "at the party" without further specifying the time and place).

In the Response, Plaintiff fails to address Defendant's contention that the Winter Party Festival took place over a week and in various locations across the city. *See generally* ECF No. [23]. To the extent that Plaintiff argues in his Response that the Complaint specifies with sufficient particularity the "when" and "where," Plaintiff avers that his claim arises from the "Winter Party Festival on Miami Beach, in March of 2020, before any confirmed COVID-19 cases in Miami, but after COVID-19 health and safety protocols, closures, curfews and in-person restrictions had gone into effect in recognition of the deadly pandemic." ECF No. [23] at 7. Such a broad description of the time and place is not sufficiently particular to place Defendant on notice of the "precise misconduct" with which it is accused and thereby fails to meet the heightened pleading requirements of Fla. Stat. § 768.38. *Coquina Investments*, 2011 WL 197241, at *7 n.2.

### b. Allegations of "How"

Defendant also argues that the Complaint does not allege with particularity (1) "how" Plaintiff contracted COVID-19 as a result of Defendant's actions, and (2) "how" Defendant violated specific government-issued standards or guidelines that were in effect at the time of the incident. *See* ECF No. [21] at 4-5. Plaintiff argues that the Complaint sufficiently alleges "how" Defendant's conduct in "assuring guests, including Plaintiff, that the Winter Party Festival would be following and enforcing all COVID-19 safety protocols and health advisories, and that the party would be safe to attend, and then proceeding to throw the huge party without enforcing masks, without enforcing social distancing, without implementing restricted capacity, and without reasonable sanitation measures" caused Plaintiff to contract COVID-19. ECF No. [23] at 8.

Plaintiff also attached an affidavit to the Complaint, as required by Fla. Stat. § 768.38(2)(b), from a physician actively licensed in Florida which attests to the physician's belief, within a reasonable degree of medical certainty, that Plaintiff's COVID-19-related damages occurred as a result of Defendant's acts or omissions. *See* ECF No. [20-1].

Plaintiff is persuasive to the extent that he argues that he has pled with sufficient particularity "how" Plaintiff contracted COVID-19 from Defendant's actions or omissions. The physician's affidavit stating that Plaintiff's COVID-19-related damages were the result of Defendant's acts or omissions, ECF No. [20-1], and allegations in the Complaint regarding Defendant's failure to implement various safety measures such as mask requirements, restricted capacity, social distancing, screening upon entry, denying entry to persons showing COVID-19 symptoms, socially distanced restrooms, and hand sanitizing stations, ECF No. [20] ¶ 6, sufficiently allege "how" Plaintiff contracted COVID-19 from Defendant's acts or omissions.

However, Plaintiff does not address Defendant's argument that the Complaint fails to allege how Defendant violated any "authoritative or controlling government-issued health standards or guidance at the time the cause of action accrued." Fla. Stat. § 768.38(2)(c)(2); *see generally* ECF No. [23]. Plaintiff's Complaint does not identify health standards or guidance with any particularity. *See generally* ECF No. [20]. The Complaint states that "Defendant had a duty to abide by COVID-19 safety protocols and health mandates, including CDC guidelines, state and local emergency orders, curfews, shutdowns, and other safety regulations aimed at protecting public health during the global pandemic" but does not further elaborate on which guidelines, if any, were in effect at the time of the incident. *Id.* ¶ 13.

Plaintiff alleges that "COVID-19 health protocols required closures of such events" and that Defendant nonetheless held the Winter Party Festival "without implementing and enforcing

COVID-19 safety measures such as mask requirements, restricted capacity, social distancing, COVID-19 screening upon entry (such as by reading body temperature), denying entry to persons showing symptoms associated with COVID-19, and having adequate sanitation measures in place throughout the party, including socially-distanced restroom facilities, and hand-sanitizing stations." ECF No. [20] ¶ 6. However, according to Plaintiff's exhibit attached to his Complaint, the Winter Party Festival took place "a week before Miami-Dade County confirmed its first coronavirus case and 11 days before Miami Beach announced it was closing the beach to help stop the spread of the virus." ECF No. [20-2] at 5. Because the incident took place before Miami had its first case of COVID-19 and before Miami Beach closed its beaches, it is unclear as to which COVID-19 health protocols, if any, were in place at the time of the incident and "required closures of such events." ECF No. [20] ¶ 6. Plaintiff's own exhibit quotes Miami Beach Mayor Dan Gelber who stated that at the time of the Winter Party Festival, the community was "holding Heat games and the theater was open . . . because we were being told there was not a single incident in the county. Everyone was operating blindly." ECF No. [20-2] at 5.

In sum, although Plaintiff alleges "how" Plaintiff contracted COVID-19 as a result of Defendant's acts or omissions, Plaintiff fails to sufficiently allege "how" Defendant did not comply with any COVID-19 health protocols in place at the time of the incident. Therefore, the Complaint ultimately fails to place Defendant on notice of the "precise misconduct" with which it is accused. *Coquina Investments*, 2011 WL 197241, at *7 n.2.

### C. Dismissal Without Prejudice

As a final matter, Fla. Stat. § 768.38(2)(c)(1) states that if plaintiffs fail to plead with particularity, the "court must dismiss the action without prejudice." As such, in this case, dismissal without prejudice is appropriate.

Case No. 21-cv-22431-BLOOM/Otazo-Reyes

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [21]**, is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. To the extent not otherwise disposed of, any other pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** the above-styled case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record